**Chicago & Riverdale Lumber Company, Appellee, v. W. S. F. Tatum, trading as Tatum Lumber Company, Appellant.**

**Gen. No. 21,894.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed February 9, 1917. Rehearing denied February 19, 1917.

### Statement of the Case.

Action by Chicago & Riverdale Lumber Company, a corporation, plaintiff, against W. S. F. Tatum, trading as Tatum Lumber Company, defendant, to recover a balance claimed to be due on a sale of a quantity of millwork and material to be used in the construction of a dwelling house and of lumber and building material to be used in the construction of a garage. From a judgment for plaintiff for $3,581.35, defendant appeals.

The parties executed two contracts, March 1, 1911, and July 3, 1911, in the State of Mississippi, relative to the material in question. The former contract consisted of the plaintiff's offer in writing to furnish for a specified sum the millwork and material described in a schedule attached to the writing to be used in constructing the dwelling house and for another specified sum the lumber and building material described in another schedule attached to the writing to be used in constructing the garage, and of defendant's acceptance in writing of such offer. The second contract referred to the former and to a controversy in regard to a portion of the work furnished and that this second contract was executed in order to make an amicable settlement of such controversy; and provided *inter alia* that the defendant should use such of the de-

livered material as conformed to the plans, specifications and full-size details, that the plaintiff would replace and make good all such delivered material that did not so conform and any material damaged in shipping, and that plaintiff would so conform all future shipments of material; that should plaintiff not so conform all delivered material within fifteen days after notice, the defendant was authorized to replace or furnish same and charge the cost thereof to plaintiff, and to do the same as to all future material not so conforming within sixty days after the building was ready for measurement upon thirty days' written notice; and with bond by plaintiff for performance. Shipments, which had been stopped upon the controversy arising, were resumed after the second contract. Complaints continued that some of the material received did not conform to the measurements called for by the plans and specifications. Defendant was also a lumber dealer and shipped lumber to the plaintiff, receiving credit therefor and for defective millwork furnished by plaintiff and returned.

HERBERT A. SCHRYVER, for appellant.

ARCHIBALD CATTELL, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 1*—*what constitutes contract for furnishing building material*. Where an offer was made and accepted to furnish certain building material described in certain estimates and a schedule attached to the offer, but which made no reference to the plans and specifications for the building, although such plans and specifications were before the person making the offer when he prepared such estimates and schedule, *held*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that the estimates and schedule were complete in themselves and constituted the contract of the parties.

2. EVIDENCE, § 322*—*when parol evidence is inadmissible to add to or vary terms of contract.* In an action by a person making an offer to furnish building material described in certain estimates and a schedule attached to the offer, but which made no reference to the plans and specifications for the building, to recover the price agreed to be paid under the contract, *held* that as the estimate and schedules constituted the contract, parol evidence to show that the plans and specifications were a part of the contract, that plaintiff had agreed to furnish all material called for by them, and that the contract was partly written and partly oral, was inadmissible.

3. ACCORD AND SATISFACTION—*when contract for furnishing material is an accord and satisfaction as to damages arising under prior contract.* Where a controversy arose under a contract to furnish certain building material called for by estimates and schedule furnished as to certain of such material delivered not conforming to the plans and specifications for the building, which had not been made part of the contract, and a second contract was entered into by the parties as a settlement of such controversy and provided that material, delivered and to be delivered, should be made by the party furnishing such material to conform to the plans and specifications or upon his failure so to do after notice that the other party was authorized to so conform such material, *held* that the two contracts should be construed together and that the second contract was a complete accord and satisfaction for all damages accruing prior thereto.

4. SALES, § 364*—*when contract does not deprive buyer of right to recover damages for breach of contract.* Under a contract to furnish certain building material according to the plans and specifications for the building and providing that on the party agreeing to furnish such material failing so to furnish same the other party was authorized to purchase the material and charge same to the first party, *held* that such remedy of the other party was optional with him and did not deprive him of his common-law right to recover damages for a breach of the contract nor limit the first party's liability for such breach.

5. CUSTOMS AND USAGES, § 27*—*when evidence of custom is insufficient.* In an action to recover the value of material furnished, claimed to have been in part of scant dimensions, evidence *held* insufficient to show a custom permitting a lumber company to furnish material of scant dimensions so generally applicable or

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

424    APPELLATE COURTS OF ILLINOIS.

Cedar Rapids & I. C. Ry. & L. Co. v. Sprague E. Co., 203 Ill. App. 424.

recognized as to be admissible, or that defendant had knowledge of such a custom or presumably contracted with reference to it.

6. SALES, § 331*—*when instruction as to measure of damages in action to recover for value of millwork and material is erroneous.* In an action to recover for the value of certain millwork and material, an instruction that plaintiff was entitled to recover the fair market value of extras at the time and place they were furnished, *held* to be erroneous, as such instruction should have differentiated as to extras of the same general character as those specified in the contract, and should have stated that, as to those, recovery should be according to the contract price.